Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Maryanne Macfarlane**
Debtor(s)

Bankruptcy Case No.: 18–21321–JAD
Issued Per July 26, 2018 Proceeding
Chapter: 13
Docket No.: 35 – 5
Concil. Conf.: October 11, 2018 at 02:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated April 4, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Oct. 11, 2018 at 02:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: July 30, 2018

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 18-21321-JAD
Maryanne Macfarlane                                                   Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: jhel              Page 1 of 2            Date Rcvd: Jul 30, 2018
                              Form ID: 149            Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 01, 2018.
```
db             +Maryanne Macfarlane,    1660 Pierce Street,     Washington, PA 15301-3142
cr             +Chrome Federal Credit Union,    440 Racetrack Road,     Washington, PA 15301-8935
14805246       +AAA Debt Rec,    PO Box 129,    Monroeville, PA 15146-0129
14805247      ++CHROME FEDERAL CREDIT UNION,     P O BOX 658,    CANONSBURG PA 15317-0658
               (address filed with court: Chrome Federal Credit,     45 Griffith Ave,    Washington, PA 15301)
14805248       +Coll Svc Ctr,    250 Mt Lebanon Blvd,    Pittsburgh, PA 15234-1252
14805249       +Convergent Outsourcing, Inc,    Po Box 9004,    Renton, WA 98057-9004
14805250       +Dollar Bank,    2700 Liberty Ave,    Pittsburgh, PA 15222-4700
14805251       +Eos Cca,    Attn: Bankruptcy,    Po Box 329,    Norwell, MA 02061-0329
14868393       +First Commonwealth Bank,    c/o AAS Debt Recovery Inc.,     2526 Monroeville Blvd. Suite 205,
                 Monroeville, PA 15146-2371
14805253       +KML Law Group, PC,    Mellon Independence Center, Ste 5000,     701 Market Street,
                 Philadelphia, PA 19106-1538
14805254       +Mr. Cooper,    8950 Cypress Waters Blvd,    Coppell, TX 75019-4620
14863480       +New Residential Mortgage etc.,    c/o Nationstar Mortgage d/b/a Mr. Cooper,     P.O. Box 619096,
                 Dallas, TX 75261-9096
14805255        Richard MacFarlane,    1600 Pierce Street,    Washington, PA 15301
14805256       +TekCollect Inc,    Po Box 1269,    Columbus, OH 43216-1269
14830867        UNITED STATES DEPARTMENT OF EDUCATION,     CLAIMS FILING UNIT,    PO BOX 8973,
                 MADISON, WI 53708-8973
14805257       +Us Dept Of Ed/Great Lakes Higher Educati,    Attn: Bankruptcy,     2401 International Lane,
                 Madison, WI 53704-3121
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14817864       +E-mail/Text: tvincequerra@chromefcu.org Jul 31 2018 02:15:45      CHROME Federal Credit Union,
                 PO Box 658,   Canonsburg, PA 15317-0658
14805252       +E-mail/Text: bknotice@ercbpo.com Jul 31 2018 02:15:24       ERC/Enhanced Recovery Corp,
                 Attn: Bankruptcy,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
14811074       +E-mail/Text: ecfbankruptcy@progleasing.com Jul 31 2018 02:15:27       NPRTO North-East, LLC,
                 256 W. Data Drive,    Draper, Utah 84020-2315
14805673       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 31 2018 02:11:30
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14834626        E-mail/Text: appebnmailbox@sprint.com Jul 31 2018 02:15:13       Sprint Corp,
                 Attention Bankruptcy,    PO Box 7949,    Overland Park, KS,66207-0949
14805258       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jul 31 2018 02:14:25
                 Verizon,   Attn: Wireless Bankrupty Admin,     500 Technology Dr Ste 500,
                 Weldon Springs, MO 63304-2225
14857905        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 31 2018 02:29:47       Verizon,
                 by American InfoSource LP as agent,    PO Box 248838,    Oklahoma City, OK 73124-8838
                                                                                               TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              NATIONSTAR MORTGAGE, LLC as servicer for NEW RESID
cr              NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1-RPL1
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTALS: 2, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2018                                    Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2            Date Rcvd: Jul 30, 2018
                              Form ID: 149            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 30, 2018 at the address(es) listed below:
              Brian C. Thompson    on behalf of Debtor Maryanne  Macfarlane bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LMichaels@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgillesp
               ie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@thompsonattorney.com
              James  Warmbrodt    on behalf of Creditor   NEW RESIDENTIAL MORTGAGE LOAN TRUST 2017-1-RPL1
               bkgroup@kmllawgroup.com
              James  Warmbrodt    on behalf of Creditor   NATIONSTAR MORTGAGE, LLC as servicer for NEW
               RESIDENTIAL MORTGAGE LOAN TRUST 2017-1-RPL1 bkgroup@kmllawgroup.com
              Justin M. Tuskan    on behalf of Creditor   Chrome Federal Credit Union jtuskan@metzlewis.com,
               mmattheis@metzlewis.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6
```